

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MEF
F. #2022R00518

*610 Federal Plaza*
*Central Islip, New York 11722*

July 24, 2024

<u>By ECF</u>
Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re:    <u>United States v. Aaron Egelman</u>
                 <u>Criminal Docket No. 22-375 (JS)</u>

Dear Judge Seybert,

       The government respectfully submits this letter in advance of sentencing in the above-referenced case, currently scheduled for August 6, 2024, and in response to the defendant's July 19, 2024 letter ("Defense Memo" or "Def. Mem."). On December 12, 2023, the defendant pled guilty pursuant to a plea agreement (the "Plea Agreement") to Count Two of a two-count indictment, which charged the defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(A). For the reasons stated below, and consistent with the Plea Agreement into which the parties entered, the government respectfully submits that a sentence of 36 months' custody is reasonable and appropriate in this case.

    I.    <u>Background</u>

       The facts underlying the offense conduct in this case are set forth in the Presentence Investigation Report ("PSR"), to which the government has no objection.

        A.    <u>The Initial Lead and Investigation (PSR at ¶¶ 8-19)</u>

       In or around 2022, FBI was investigating users of BitTorrent—a network that relies on peer-to-peer software to facilitate file sharing using computers, tablets and smartphones—who were downloading and sharing child sexual abuse material ("CSAM" or "child pornography"). As part of this investigation, on March 31, 2022, an undercover law enforcement officer downloaded approximately 192 files containing CSAM through a connection with the defendant's IP address.

On June 3, 2022, FBI agents and task force officers executed a search warrant at the defendant's residence in Great Neck, New York. Present at the time were the defendant, his wife, and his toddler child. Pursuant to the search, the FBI seized numerous electronic devices, including but not limited to computers, tablets, smartphones, a pen recorder/hidden camera (recovered from the defendant's master bedroom), a wifi clock camera (recovered from the guest bedroom closet), and an eavesdropping device (recovered from a file cabinet in the master bedroom). Additionally, law enforcement recovered two long guns, ammunition and a black case and gun clip. At the time of the search, the defendant agreed to be interviewed by law enforcement and he admitted in sum and substance and relevant part that he was employed as a Director of Information Technology at an elementary school, and that he had previously used BitTorrent to download movies. Thereafter, the defendant invoked his right to an attorney.

A subsequent analysis of the defendant's electronic devices revealed that he possessed at least 11,828 picture images and 241 video images containing CSAM. The defendant's demonstrated preference, based on this review, was for material portraying minor Asian girls (approximately 6 to 7 years old) and toddler-aged males and females. These files include; (1) a four-minute video in which two minor females, who are approximately 7 or 8 years old, alternate between manually and orally stimulating a male's naked, erect, penis, and then the male vaginally penetrates one of the females; (2) a four-minute and 30-second video in which an approximately 12 year-old female is anally penetrated by an adult male; (3) a seven-minute and thirty-second video in which an approximately 4-to-5-year old minor female's vagina is being rubbed by the naked penis of an adult male, who then has the girl manually and orally stimulate him; and (4) a five-minute and thirty-six second video in which an adult female orally stimulates the penis of an infant/toddler male child.

B.   The Defendant's Arrest and Indictment

On August 17, 2022, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with one count of receiving child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), and one count of possessing child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) (the "Indictment"). ECF Dkt. No. 1.

On August 18, 2022, the defendant was arrested at his residence. PSR at ¶ 20. He was arraigned that same day and released pending trial. ECF Dkt. No.'s 5-7.

II. <u>Guidelines Calculation</u>

The Probation Department calculated the United States Sentencing Guidelines (the "Guidelines" or U.S.S.G.") range for the defendant as follows:

| | | |
|---|---|---:|
| Base Offense Level (§ 2G2.2(b)(2)) | | 18 |
| Plus: | Material involves prepubescent minors (§ 2G2.2(b)(2)) | +2 |
| Plus: | Defendant knowingly engaged in distribution (§ 2G2.2(b)(3)(A) | +2 |
| Plus: | Material portrays and the sexual abuse/exploitation of infants and toddlers (§ 2G2.2(b)(4)(A) and (B)) | +4 |
| Plus: | Offense involved use of a computer ((§ 2G2.2(b)(6)) | +2 |
| Plus: | Possession of more than 600 images (§ 2G2.2(b)(7)(D)) | +5 |
| Less: | Acceptance of responsibility | <u>-3</u> |
| Total: | | <u>30</u> |

<u>Id.</u> at ¶¶ 26-40.[1]  Because the defendant is in Criminal History Category I, the applicable Guidelines Range as calculated by the Probation Department is 97 to 121 months.  <u>Id.</u> at ¶ 91.  There is no mandatory minimum term of imprisonment, but there is a statutory maximum term of 120 months.  The Probation Department recommended 36 months' custody, which is consistent with the joint recommendation to which the parties agreed in the Plea Agreement.

III. <u>Appropriate Sentence</u>

A. <u>Term of Incarceration</u>

The government respectfully requests that the Court impose a sentence of 36 months' incarceration.  The nature of the offense to which the defendant has pleaded guilty,

---

[1] This calculation is slightly different than the one in the Plea Agreement because the parties relied on U.S.S.G. §2G2.2(a)(2), which would apply if the defendant was convicted of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), as opposed to U.S.S.G. §2G2.2(b)(2), which applies when the defendant is convicted of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  The government agrees that the calculation in the PSR is correct.  As a result, the applicable Guidelines range of 97 to 121 months' is lower than that estimated by the parties (151-188 months).

3

the need for deterrence, and the defendant's history and characteristics all warrant a significant term of imprisonment such as this. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(B).

Child pornography crimes represent the continuing victimization of the children depicted in these images, which are in essence, crime scene images. Possession of videos and images of abuse, alone, fosters a market for more abuse. See, e.g., United States v. Gouse, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a market for child pornography and thus harm children, scarr[ing] [them] for life" (internal quotation marks omitted)); United States v. Miller, 594 F.3d 172, 189 (3d Cir. 2010) ("[P]ossession of even a small number of images of child pornography contributes to the victimization of children and creates a market for child abuse." (internal quotation marks omitted)). "Child pornography harms and debases the most defenseless of our citizens. Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." United States v. Williams, 553 U.S. 285, 307 (2008). "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," New York v. Ferber, 458 U.S. 747 (1982), and this interest extends to seeking to stamp out child pornography at all levels in the distribution chain, Osborne v. Ohio, 495 U.S. 103, 110 (1990).

Regarding the nature and circumstances of the offense, the defendant was found to be in possession of a huge collection of child pornography images, which included numerous lengthy videos depicting the sadomasochistic abuse of very young children. Indeed, these videos depict the rape of male and female infants and toddlers, as well as prepubescent minors. Based on quantity and quality of this collection, it is apparent that the defendant was compulsive about obtaining this material. Moreover, the defendant, an information technology professional with a sophisticated understanding of computer software, was sharing and distributing this material through his use of BitTorrent. As a result, in a very brief period, the FBI was able to download approximately 192 files containing CSAM from the defendant, and by virtue of the way in which peer-to-peer software works, others likely did so as well.

Relatedly, although it is unclear what the defendant used them for, it is disturbing that, when FBI executed the search warrant on his home, they located several recording devices, including at least one that was hidden, inside of his home in areas where people remove their clothing. The defendant lived in a home with his spouse and a minor child, and the fact that owned and apparently used such devices is disturbing and relevant, even if there is no evidence that they were used to create child pornography.

In terms of the defendant's history and characteristics, although it is true that he does not have a criminal history, it is apparent from the forensic report on which he relies in his sentencing submission (Def. Mem. at 8) that he has been obtaining and consuming CSAM for a period of more than 10 years. Moreover, although the defendant only admitted to being sexually attracted to minor females that are approximately 13 years-old, his

4

collection of CSAM belies the self-admitted nature of his sexual interest. Indeed, the defendant's demonstrated preference, based on the FBI's review of his files, was for material portraying minor Asian girls (approximately 6 to 7 years old) and toddler-aged males and females. The fact that the defendant has offered no explanation for this, and even gone so far as to deny that he is sexually attracted to pre-pubescent minors, is not only concerning but also calls into question the potential efficacy of future treatment.

Additionally, while the defendant was engaged in this conduct, from 2013 until June 2022, he was employed as the Director of IT Services for a non-public school that served students with language disorders and developmental disabilities throughout Queens and Long Island. PSR at ¶ 74. Thus, although law enforcement has not obtained evidence that the defendant physically abused or propositioned any children, he was still employed in a capacity that potentially gave him access to particularly vulnerable children, who were likely similar in age to those depicted in his CSAM collection.

Finally, it is clear from the PSR that the defendant, unlike numerous offenders who are charged with crimes in this district and others, benefitted historically and continues to benefit substantially from a supportive and loving family. The defendant is a United States citizen, he was not abused as a child and was consistently provided for socially and economically, his parents' marriage is intact, he graduated high school, and he has a Bachelor of Arts from SUNY. PSR at ¶¶ 48-51, 67. Thus, the fact that the defendant committed the referenced crimes, which directly harm the most vulnerable members of society, notwithstanding his overwhelmingly positive personal and family circumstances, should be considered when determining the appropriate sentence.

Thus, the "nature and circumstances of the offense" and the "history and characteristics" of the defendant warrant a substantial carceral sentence consistent with the government's recommendation, pursuant to § 3553(a)(l).

The Court must also consider the factors set forth in § 3553(a)(2)(A)-(C), which provide that a sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A)-(C). These factors also weigh in favor of a sentence of 36 months' custody.

First, with respect to factor § 3553(a)(2)(A), for the reasons set forth above, the trafficking of child pornography is a serious offense and a scourge on the most vulnerable of our society, and thus it needs to be adjudicated in a manner that will promote respect for the law and provide just punishment for the offense. Second, regarding factor § 3553(a)(2)(B), affording adequate deterrence to criminal conduct, the defendant is one of countless individuals that continue to trade such violent exploitative material, which depicts the most destructive type of child abuse. A substantial sentence is therefore necessary to discourage other individuals who continue to consume such material and drive the demand for child abuse materials.

5

Third, pursuant to § 3553(a)(2)(C), it is essential that the Court's sentence "protect the public from further crimes of the defendant." As set forth above, the defendant not only desires and masturbates to CSAM material, but he sought out and maintained employment in a school that served children with disabilities. Given the defendant's sexual attraction to children and demonstrated lack of judgment, he public must therefore be protected from him.

Here, a sentence of 36 months, which is substantially below the Guidelines range, is substantively reasonable considering the history and characteristics of this particular defendant, as distinguished from others, and the nature and circumstances of the offense. Additionally, a sentence of 36 months would reflect the seriousness of the defendant's conduct and provide adequate deterrence to him. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B).

B.  Supervised Release

Probation has recommended a term of 5 years of supervised release, and the government concurs in that recommendation.

The defendant objects to a special condition of supervised release regarding access to children insofar as it restricts his ability to have unsupervised contact with his own child. Def. Mem. at 8 (citing Probation Recommendation at 1). The government has no objection to carving out this exception to the special condition.

The defendant further objects to the use of Probation's computer monitoring software on a device that is provided and otherwise monitored by an employer. Def. Mem. at 10 (citing Probation Recommendation at 2-3). The government has no objection to carving out this exception to the special condition regarding computer monitoring.

C.  Restitution

To date, the government has received restitution requests in a total amount of $71,000 from 9 victims. These numbers are set out in a table below.

| Victim | Series | Amount |
|---|---|---|
| Ali | ZooFamily1 | $3,000 |
| Eliza | HG1 | $3,000 |
| Jenny | Jenny | $10,000 |
| Julie | JBN Flowers1 | $10,000 |
| Maria | Best Necklace | $7,500 |
| Pia | Sweet White Sugar | $7,500 |

| Sara | Marineland1 | $10,000 |
| Sloane | Tara | $10,000 |
| Lily | Vicki | $10,000 |
| | TOTAL | $71,000 |

Absent a consent agreement from the defendant, which the government presently understands is likely, the government will submit a sentencing supplement, under seal, to address these requests, and any additional requests received, in more detail. See 18 U.S.C. § 3664(d)(5) (providing that "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing"); Dolan v. United States, 560 U.S. 605 (2010) (providing that, within the 90 days, the Court notify the defendant that a restitution order is pending).

IV.  Conclusion

For the foregoing reasons, the government respectfully submits that a sentence of 36 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  /s/
Megan E. Farrell
Assistant U.S. Attorney
(631) 715-7862

cc:  Counsel for the defendant, by ECF
U.S. Probation Officer Frank Nikolaidis

7